**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lexi Dunson, | No. CV-23-00148-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| RMH Franchise Corporation, | |
| Defendant. | |

Pending before the Court is Plaintiff Lexi Dunson's Motion for Default Judgment. (Doc. 8.) For the following reasons, the Motion will be granted.

**I.    Background**

On March 28, 2023, Plaintiff filed a Complaint against Defendant RMH Franchise Corporation, alleging a failure to pay minimum wages in violation of the Fair Labor Standards Act ("FLSA") and the Arizona Minimum Wage Act ("AMWA"). (Doc. 1.) Plaintiff alleges that she worked at an Applebee's operated by Defendant for approximately 20 to 40 hours and was not compensated for her work. (*Id.* at 4-5.)

On April 6, 2023, Plaintiff served Christie Garrett of Corporate Creations Network, Inc., the statutory agent of RMH Franchise Corporation, at 3260 N. Hayden Rd., #210, Scottsdale, AZ 85251. (Doc. 5.) To date, Defendant has not answered or otherwise responded to Plaintiff's Complaint. The Clerk of Court entered default on June 7, 2023. (Doc. 7.)

. . . .

## II. Legal Standard

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The plaintiff may thereafter apply for entry of a default judgment by the Court. Fed. R. Civ. P. 55(b)(2). The Court may conduct a hearing if necessary to enter or effectuate judgment. *Id.* In determining whether to grant default judgment, courts consider "(1) the possibility of prejudice to the plaintiff, (2) the merits of [the] plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## III. Discussion

Plaintiff satisfies the first *Eitel* factor because she would lose the right to a judicial resolution of her claims if default judgment is not entered. The second and third *Eitel* factors also support granting Plaintiff's Motion for Default Judgment. Plaintiff alleges that she was not compensated for work performed, in violation of the FLSA and the AMWA. (Doc. 1.) The FLSA requires payment of at least $7.25 per hour to employees engaged in commerce or employed in an enterprise engaged in commerce. 29 U.S.C. § 206(a)(1). The AMWA requires payment of a minimum wage of at least $12.00 per hour plus cost-of-living increases after January 1, 2021, as measured by the consumer price index. A.R.S. § 23-363(A)-(B).[1] Employers may pay tipped employees a maximum of "$3.00 per hour less than the minimum wage if the employer can establish by its records" that "the employee received not less than the minimum wage for all hours worked" when adding tips received to wages paid. A.R.S. § 23-363(C). By alleging Defendant failed to compensate her at all for hours worked, Plaintiff has sufficiently stated claims under the FMLA and AMWA.

---

[1] During the relevant time period, the inflation-adjusted Arizona minimum wage was $13.85 per hour. (Doc. 8 at 6; Doc. 8-1 at 3.)

1    In her Motion for Default Judgment, Plaintiff avers that she worked approximately 40 hours for Defendant, with total unpaid federal minimum wages of $290 and total unpaid Arizona minimum wages of $554.  (Doc. 8 at 5-6.)  Plaintiff seeks double damages under the FLSA, 29 U.S.C. § 216(b), which provides that an employer who violates the minimum wage provision of § 206 is liable to the employee in the amount of the unpaid minimum wages as well as "an additional equal amount as liquidated damages." (Doc. 8 at 7-8.)  Plaintiff seeks treble damages under the liquidated damages provision of A.R.S. § 23-364(G), which provides that an employer who fails to pay minimum wages "shall be required to pay the employee the balance of the wages . . . and an additional amount equal to twice the underpaid wages." (*Id.*)  Plaintiff also seeks treble damages under A.R.S. § 23-355(A), which provides that an employer who fails to pay wages due to an employee is liable in "an amount that is treble the amount of the unpaid wages." (*Id.*)  As the treble damages figure engulfs the federal minimum wage damages, Plaintiff seeks $1,662.00 in trebled unpaid minimum wages, plus post-judgment interest pursuant to 28 U.S.C. § 1961. (*Id.* at 8.)  The Court finds that the sum of money at stake weighs in favor of granting Plaintiff's Motion for Default Judgment.

Plaintiff states that she does not have complete time records or pay records in her possession and has therefore estimated the number of hours of work for which she has not been paid.  (Doc. 8 at 4-5.)  Plaintiff argues that she should not be penalized for her employer's lack of records.  (*Id.*)  When an employer's records are inaccurate or inadequate, the employee must prove she has performed work for which she was improperly compensated and must "produce[] sufficient evidence to show the amount and extent of that work as a matter of a just and reasonable inference." *Brock v.* Seto, 790 F.2d 1446, 1448 (9th Cir. 1986) (internal emphasis and quotation marks omitted). "The burden then shifts to the employer to show the precise number of hours worked or to present evidence sufficient to negate the reasonableness of the inference to be drawn from the employee's evidence." *Id.* (internal quotation marks omitted).  Given the lack of time or pay records supporting Plaintiff's claimed damages, there is a possibility of a

material dispute concerning the hours that Plaintiff worked and the damages to which Plaintiff is entitled. However, the current record contains no evidence negating the reasonableness of Plaintiff's estimates of her hours worked. The Court finds that the fifth *Eitel* factor is neutral.

There is no evidence in the record to indicate that Defendant's default was due to excusable neglect, and thus the sixth *Eitel* factor weighs in favor of granting Plaintiff's Motion. The policy favoring decisions on the merits supports denying default judgment, but it does not sufficiently outweigh the other *Eitel* factors, which as a whole support granting default judgment. Accordingly, the Court will grant Plaintiff's Motion for Default Judgment. The Court finds that a hearing on Plaintiff's Motion is not necessary.

**IT IS ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 8) is **granted**. The Clerk of Court is directed to enter default judgment in favor of Plaintiff Lexi Dunson and against Defendant RMH Franchise Corporation in the amount of $1,662.00.

Dated this 2nd day of August, 2023.

_____
Honorable Rosemary Márquez
United States District Judge